UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIRANDA CONTRERAS CANTU,

Petitioner,

v.

WARDEN OF NORTHWEST ICE PROCESSING CENTER, et al,

Respondents.

CASE NO. 2:26-cv-04136-TL

ORDER GRANTING UNOPPOSED HABEAS PETITION

This matter is before the Court on Petitioner Miranda Contreras Cantu's Petition for Writ of Habeas Corpus. Dkt. No. 1. Petitioner is a native of Cuba and has lived in the United States "for decades." Dkt. No. 1-1 (Addendum to Petition) at 1. She originally came to the United States by force, as she is a survivor of sex trafficking. *See id*. Petitioner applied for asylum, but it was denied. *Id*. at 8 (Asylum Order of Immigration Judge). She has a pending T-Visa application before United States Citizenship and Immigration Services. *Id*. at 1. Petitioner was ordered removed on October 7, 2015, but because Department of Homeland Security was unable to

effectuate her removal, Petitioner was placed on an Order of Supervision ("OSUP").[1] *Id.* at 23 (OSUP).

On November 25, 2025, Petitioner was detained and is currently held at the Northwest ICE Processing Center ("NWIPC"). *Id.* at 2; Dkt. No. 1 at 1. Petitioner brings four grounds for relief: (1) her "detention violates the substantive and procedural due process requirements of the Fifth Amendment of the U.S. Constitution"; (2) her arrest violated her Fourth and Fifth Amendment rights, the Immigration and Nationality Act, and the agency's own regulations; (3) her OSUP was revoked and she was re-detained "without good reason and without following the proper procedures"; and (4) her detention is prolonged. *Id.* at 1–5. Specifically, Petitioner argues that "ICE did not give me notice and a clear explanation of any changed circumstances before they re-detained me." *Id.* at 4. Petitioner asserts that her "case was reopened in February 2026" and that she does "not have a final order of removal." *Id.* at 1, 5.

On October 27, 2026, Petitioner filed the instant petition. Dkt. No. 1. On October 28, the Court issued its standard scheduling order directing Respondents to show cause why the writ should not be granted. Dkt. No. 3; *see also* 28 U.S.C. § 2243 (requiring the custodian to "show cause why writ should not be granted" and certify the "true cause" of the detention). The Court ordered Respondents to file a response by November 12, 2026. *Id.* at 2.

On October 26, the Court received a letter from the U.S. Attorney's Office for the Western District of Washington ("USAO") informing the Court that, going forward, "there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents." Ex. A (USAO Letter to District Court). The letter

[1] Petitioner provides a letter from a DHS Deportation Officer who asserted that Petitioner had been on an OSUP beginning on February 9, 2016. Dkt. No. 1-1 at 22 (DHS Letter). It appears Petitioner was reissued an OSUP on March 9, 2022, after failed removal efforts. *See id.* at 23.

represented that the USAO would continue to screen habeas petitions, but that "if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition." *Id*. When the USAO chooses not to appear, the letter represents that "the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case." *Id*. The USAO has instead provided the Court with email addresses through which the Court's orders may be sent directly to Immigration and Customs Enforcement. Since authoring this letter, the USAO has changed its stance and has decided it will appear in all habeas cases. However, this petition was filed a day after the USAO's previous policy of not appearing in some habeas matters, and the USAO has neither appeared in the instant matter nor filed any response as of the date of this Order (thirteen days after the deadline).

The American judicial system is fundamentally adversarial. It depends on the "facts and arguments" presented by the parties; the judge does not "conduct the factual and legal investigation [her]self." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). "In both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Despite having full access to the relevant facts concerning Petitioner's detention, the USAO has offered no factual or legal basis to rebut her petition, and the Court thus only has Petitioner's arguments before it. The Court will not make Respondents' substantive argument for them and, indeed, is "require[d] to do the opposite." *Ponzon Deroy v. Warden*, No. C26-5972, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). Indeed, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* (quoting *United*

*States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (citation modified)). Here, the USAO letter is the official position of Respondents, and the due date for Respondents' response has passed without the USAO having appeared despite having screened the petition. Therefore, the Court construes the factual allegations within the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026).

Petitioner has stated a plausible claim to habeas relief under the Due Process Clause. In the absence of a response to the Court's show cause order (Dkt. No. 3), therefore, the Court grants the petition and will order her release from custody. Accordingly, the Court ORDERS:

(1) Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is GRANTED.

(2) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from detention **no later than 12:00 p.m. on November 26, 2026,** under the terms no more restrictive than those in place prior to Petitioner's re-detention.

(3) Respondents SHALL return to Petitioner any personal property, including any personal identification document (other than a passport);

(4) Petitioner's Motion to Appoint Counsel (Dkt. No. 2) is DENIED AS MOOT.

(5) The Clerk is DIRECTED to send copies of this Order to ICE and EOIR at the following email addresses provided by the USAO:
(a) OPLASeattlefedlit@ice.dhs.gov; (b) TacomaLEOs@ice.dhs.gov; and
(c) OCIJ.Habeas.Orders@usdoj.gov.

(6) ICE and EOIR shall respond to the email from the Clerk within two business days after Petitioner's release confirming that Petitioner has been released.

Dated this 25th day of November, 2026.

Tana Lin
United States District Judge